**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 99-4780

TERRANCE PALETTA,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-98-38)

Submitted: June 30, 2000

Decided: July 13, 2000

Before MURNAGHAN and TRAXLER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brough A. Jones, MCNEER, HIGHLAND, MCMUNN & VARNER,
L.C., Clarksburg, West Virginia, for Appellant. Melvin W. Kahle, Jr.,
United States Attorney, Robert H. McWilliams, Jr., Assistant United
States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Terrance Paletta was convicted pursuant to his guilty plea of distributing cocaine and aiding and abetting in the same. On appeal, Paletta alleges that the district court clearly erred by enhancing his base offense level for obstruction of justice[1] and by not granting him a downward adjustment for acceptance of responsibility.[2] Paletta also alleges that the Government breached the terms of the plea agreement by arguing against the adjustment for acceptance of responsibility. Finding no reversible error, we affirm.

The basic facts of this case are relatively straightforward. Paletta was part of a small drug conspiracy that distributed cocaine in and around Clarksburg, West Virginia. Local police were able to make several controlled buys using a confidential informant, and Paletta and his co-conspirators were arrested.

We review the district court's finding that Paletta obstructed justice for clear error and find none. See United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995). The record shows that Paletta and his fiancee went to a restaurant buffet shortly after his arraignment. While waiting for their steaks, Paletta noticed that one of the cooks ("Davidson") was an individual with whom he had done drugs and who was listed as a potential witness in his case. Davidson's girlfriend ("Campbell") was also listed as a witness. Paletta confronted Davidson about he and Campbell being witnesses, but Davidson denied any involvement in Paletta's case. Davidson testified at Paletta's bond revocation hearing[3] that Paletta told him that if Campbell knew what was good for her, she would not testify.

_____

[1] **U.S. Sentencing Guidelines Manual** § 3C1.1 (1998).
[2] USSG § 3E1.1.
[3] Paletta was released on bond following his arraignment. The bond was revoked following a hearing based on Paletta's contact with Davidson. The district court considered both the testimony at sentencing and the record of the bond revocation hearing in making its decision.

2

We find that Paletta's threat against Campbell supports the district court's decision. Although Paletta denied making any such threat, the court found that his version of the events was not credible. This finding is not subject to appellate review. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). We also reject Paletta's assertion that, even assuming he made a threat against Campbell, it was unlikely that she would ever learn of it.[4] Davidson testified that he called Campbell and told her about the threat.

Because the enhancement for obstruction of justice was appropriate, a downward adjustment for acceptance of responsibility would only be justified in exceptional circumstances. [5] We find no such circumstances here. As a result, the district court properly declined to reduce Paletta's base offense level.

Finally, we review Paletta's claim that the Government breached the plea agreement for plain error and find none. [6] See United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997). The plea agreement here clearly stated that the Government would only support an adjustment for acceptance of responsibility if Paletta in fact accepted responsibility. Because Paletta's obstructive conduct was inconsistent with such a finding, the Government was not required to make what would have been a frivolous argument. While Paletta is correct in his assertion that the Government was aware of his encounter with Davidson prior to entering into the plea agreement, the record shows that it was not aware that Paletta would continue to deny that he made any threats.[7]

Accordingly, we affirm Paletta's sentence. We dispense with oral argument because the facts and legal contentions are adequately pre-

---

[4] See generally United States v. Brooks, 957 F.2d 1138, 1150 (4th Cir. 1992) (threats made to a third party must be made in such a way that it is likely that the witness will learn of the threat).

[5] See USSG § 3E1.1, comment. (n.4).
[6] Paletta failed to raise this issue before the district court.

[7] The Government stated at sentencing that it would have supported the adjustment absent Paletta's denials.

3

sented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4